## O. K. BOILER & WELDING CO. et al. v. MINNETONKA LUMBER CO. et al.

No. 13 951—Opinion Filed Oct. 14, 1924.

### 1. Joint Adventures—Creation of Relation.

A joint adventure may be an engagement between or among two or more parties to undertake the doing of a single act, or it may be for engaging in some particular line of business. The relationship is created by contract between and among the parties.

### 2. Same—How Status Inferred.

The status may be inferred from the purpose of the enterprise. the acts and conduct of the parties in relation to the engagement. In some cases the acts and conduct of the parties may speak above the expressed declarations as to the creation of the undertaking and its scope.

### 3. Same—Partnership Distinguished.

The principal distinction between a partnership and joint adventure is that the latter may be an engagement among several parties to undertake the performance of a single act.

### 4 Same—Agency Relation of Parties.

Each member of the joint adventure acts for himself as principal and as agent for the other members, within the general scope of the enterprise. The law of partnership applies in settlement of the questions arising among the parties. and in relation to third parties. In substance, it is the law of principal and agent.

### 5. Same—Purchase and Improvement of Real estate—Validity of Mechanic's Lien.

Where the sale of real estate has been contracted for by the members of a joint adventure, for a particular purpose, the agreement of one of the parties for the purchase of material for the construction of buildings on the property, in pursuit of the object of the enterprise, is equivalent to written consent by the owner, and through agency by the other members of the undertaking. for the creditor to perfect a lien on the premises for the improvement.

### 6. Mechanics' Liens—Liability of Premises Under Contract to Sell.

Section 7461, Comp. Stat. 1921. relates to contracts for improvements made by the holders of real estate under agreement with the owner to purchase. The statute does not apply to an owner who makes a contract for the improvements. The lien would affect merely the interest of the owner in the property.

**5. Same—Judgment Sustained.**

Record examined; held, to be sufficient to support judgment in favor of the lien creditors.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by Minnetonka Lumber Company against the O. K. Boiler & Welding Company, E. J. Baker, J. J. Houston, Gertrude Baker, and O. F. Fisher for debt and foreclosure of mechanic's lien. Cross-action by O. F. Fisher for debt and foreclosure of mechanic's lien. Judgment for lien creditors. O. K. Boiler & Welding Company and other defendants appeal. Judgment affirmed.

E. W. Smith and Reynolds & Williams, for plaintiffs in error.

Hummer & Foster, and R. E. Simpson, for defendants in error.

Opinion by STEPHENSON, C.    It being the purpose of the officers of the O. K. Boiler & Welding Company to conduct the business of the company in the town of Henryetta, E. J. Baker entered into a contract with the Minnetonka Lumber Company for the purchase of building materials for the corporation. The lumber company sold and delivered the materials to the company in accordance with the agreement for the construction of the buildings. At the time of the purchase of the lumber a site had been selected on which to locate the buildings, but the title had not been taken. Later it was decided to purchase the site and property of a refining company for use of the boiler company as its new location. The site and machinery of the refining company were purchased through the receiver in bankruptcy proceedings against the refining company. The receiver deeded the property jointly to E. J. Baker and J. J. Houston, as individuals. The deed of conveyance did not indicate that other parties were interested in the purchase of the property, but it appears from the pleadings and evidence that three or four other persons joined in the purchase of the property. The understanding among the parties, as disclosed by the proceedings herein, was to purchase the entire property of the refining company, and sell the machinery and a portion of the site, leaving about four acres of land as a location for the buildings of the boiler company. The grantees had agreed to convey the desired acreage to the boiler company. The officers of the boiler company had been in conference with the chamber of commerce of Henryetta in relation to the citizens of the town giving aid to the new enterprise. It was agreed on the part of the chamber of commerce that the people of Henryetta would subscribe for and take stock in the corporation to the extent of several thousand dollars. It was generally understood among citizens of the community that the site of the refining company was acquired for the purpose of locating the boiler company thereon. E. J. Baker, for himself, and as president of the corporation, entered into a contract with O. F. Fisher to construct buildings on the refining company site for the use of the boiler company. The buildings were constructed and completed from the materials purchased by Baker from the lumber company. The boiler company went into possession of the buildings and site, and operated its business thereon for several months. Baker and Houston for some reason, failed to convey the title of the land to the boiler company, on which the buildings were located, as the owners had agreed to do. The title remained in Baker and Houston until the same was conveyed by them to Gertrude Baker, the wife of E. J. Baker. The corporation failed to pay either the lumber company for the material or Fisher for constructing the buildings. The creditors filed mechanic's liens against the property prior to the time of its conveyance to Mrs. Baker. Neither the lumber company nor the contractor obtained the written consent of J. J. Houston for the sale of the lumber or the construction of the buildings on the property. It is not claimed by any of the defendants that the undisclosed owners of the property were known to the lien claimants. But this is not material to the questions concerned in this appeal. The lumber company commenced its action against Baker and the boiler company for recovery of the indebtedness, and to foreclose its mechanic's liens. The contractor and other claimants to the property were joined as defendants. In the trial of the cause judgment went for the contractor and lumber company for the amount of their claims, and to foreclose their liens. The boiler company and other defendants have appealed the cause to this court, and seek a reversal of the judgment on the ground that the lien claimants did not secure the written consent of the owners to furnish the building materials and to construct the buildings on the property.

For the support of their contentions, the appellants rely on the provisions of section 7461, Comp. Stat. 1921. The section requires the contractor who furnishes material or labor to the holder of the premises, under contract to purchase from the owner, to se-

cure the written consent of the owner for the purchaser to enter into the contract. Unless the purchaser or contractor secures such written consent from the owner, the lien provision will be denied against the interest of the owner.

In order to properly determine the question made by the appellants, first, it will be necessary to ascertain the status created by the conduct and acts of the parties between and among themselves in the purchase of the property for the use of the corporation in the conduct of its business. It is apparent that the property was purchased by the owners, who are appellants, for the use of the corporation in the operation of its business. In the pursuit of this purpose, E. J. Baker, as president of the corporation, and one of the grantees in the deed of conveyance, contracted for the purchase of the material and for the construction of the buildings for the corporation. After the completion of the buildings the corporation went into possession of the property. The purchase as made, under all circumstances, has the appearance of a joint adventure, or undertaking, between and among the purchasers to secure the property as a building site for the corporation. The effect of the failure of the lien claimants to secure the written consent of the owners to furnish the material, and for the construction of the buildings, turns on the legal relation created among the parties in entering into the joint adventure.

While it is true at common law the courts did not recognize the relationship of coadventurer unless the elements of partnership were disclosed and proven, but in the passage of time this rule has been liberalized by the decisions of the courts. See note to Anno. Cas. 1916-A, page 1210. The rule which has now come into application through the modification of the common law rules does not require the showing which would result ordinarily in creating a formal partnership. An undertaking on the part of two or more persons to combine their property or labor in the conduct of a particular line or general business, for joint profit, creates the status of a partnership. In the operation of a partnership affair, each member acts as principal for himself and as agent for the other members in the general scope of the enterprise. In order for the members of a partnership to be bound by the acts of one of its members as agent, the action of the partner must be within the general purpose of the partnership. The law of principal and agent underlies the conduct of the partnership business as to questions arising among the partners, and the same

rule applies between the partnership and third parties. Williamson & Co. v. Nigh, 58 W. Va. 629, 53 S. E. 124; Dunham v. Loverock, 158 Pa. 197, 38 Am. St. 838, 27 Atl. 990; Coward v. Clanton, 122 Cal. 451, 55 Pac. 147; Johnson v. Carter, 120 Iowa, 355, 94 N. W. 850; Brotherton v. Gilchrist, 144 Mich. 274, 107 N. W. 890, 118 A. S. R. 397. The principal distinction between a partnership and a joint adventure is that the latter may relate to a single transaction. Slater v. Clark, 68 Ill. App. 433; Fewell v. Am. Sur. Co., 80 Miss. 782, 92 Am. St. Rep. 625, 28 South. 755. Whether a joint enterprise has been created or not may be determined from the apparent purposes, and the acts and conduct of the parties who join in the undertaking. The acts and conduct of the parties engaged in the accomplishment of the apparent purposes may speak above the expressed declarations of the parties to the contrary. Fewell v. Am. Surety Co., supra. After the parties have created and engaged in a joint enterprise, although it may relate to a single transaction, the law of partnership applies to the questions arising between and among the parties, and in relation to third parties. Senneff v. Healy, 155 Iowa, 82, 135 N. W. 27, 39 L. R. A. (N. S.) 219; Irvine v. Campbell, 121 Minn. 192, 141 N. W. 108; Ann. Cas. 1914-C, page 689; Linn v. Webber, 36 Nev. 623, 134 Pac. 401, 135 Pac. 139, 141 Pac. 458; Ann. Cas. 1916-A page 1202; note to 50 L. R. A. (N. S.) 1046. Each member of a joint enterprise represents a dual status; that of principal for himself, and as agent for the other members in the doing of those acts within the general scope of the enterprise. Senneff v. Healy, supra. The act of E. J. Baker, who was a joint owner of the property, in contracting with the lumber company and builder to furnish material and to construct the buildings was equivalent to his written consent for the creditors to perfect mechanic's liens against his interest in the property. In his relation as agent, the act was binding on the other members, as the action of Baker was germane to the general purpose of the enterprise. The action of Baker in entering into the contract bound all the members of the joint adventure, whether known or unknown to the lien claimants. It was not the intention of the Legislature by the passage of section 7461, supra, to permit the owner of real estate, under contract for sale, to become a party to an agreement for the sale of material for use in the construction of buildings on the property, and then avoid a lien against the property on the technical claim that he did not give his consent in writing for the improvements. And further,

we may add that the statute does not include owners who are parties to the contract for the purchase of the material. The statute relates to contracts of persons holding under agreements with the owner to purchase the premises. The lien claims filed by the creditors against the property, based on the contract of E. J. Baker, operated to bind all the members of the joint enterprise.

As the conveyance of the property by the record owners to Mrs. Baker was subsequent to the lien claims perfected by the creditors, Mrs. Baker took the conveyance subject to the rights of the claimants. Ward v. Wiggins, 73 Okla. 246, 174 Pac. 231.

The judgment of the court in favor of the lien claimants is without error, and it is recommended that the same be affirmed.

By the Court: It is so ordered.