## AETNA LIFE INS. CO. et al. v. S. H. WEAKLEY LBR. CO. et al.

No. 16247—Opinion Filed March 23, 1926.

**Mechanics' Liens—Liability of Property in Possession of Vendee Under Executory Contract of Sale—Written Consent of Record Owner Necessary.**

By virtue of the proviso contained in section 7461, C. O. S. 1921, the written consent of the record owner of real estate in possession of the vendee under an executory contract of sale to the creation of a mechanic's and materialman's lien thereon, is an essential element of such lien, not only as against the vendor in such unexecuted sale, but as against individuals holding valid and subsisting mortgage liens against said real estate, and the courts of Oklahoma are without judicial power to proceed in behalf of the materialman where such written consent has not been given, or if given, the original, or a copy thereof, has not been attached to the petition to foreclose.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Adair County; J. T. Parks, Judge.

Action by S. H. Weakley Lumber Company, a copartnership, against Wm. W. Ross, Mary H. Ross, Aetna Life Insurance Company, Gum Brothers Company, Ben Panter, W. K. Pruitt, Browning Lumber Company, to foreclose a mechanic's and ma-

terialman's lien. Judgment for plaintiffs, and Aetna Life Insurance Company and Gum Brothers Company appeal. Reversed.

Furry & Donovan, for plaintiffs in error.

E. B. Arnold, John P. Woods, Harry P. Daily, and A. M. Dobbs, for defendants in error.

Opinion by FOSTER, C. This case presents error from the district court of Adair county. The controversy arose between plaintiffs in error, Aetna Life Insurance Company, a corporation, and Gum Brothers Company, a corporation, defendants below, and defendant in error S. H. Weakley Lumber Company, a copartnership, plaintiff below, as to priority between an alleged mechanic's and materialman's lien asserted by defendant in error, and certain mortgage liens held by plaintiffs in error against certain real estate located in Adair county, and as to the validity of the lien asserted by 'the defendant in error against said property, of which W. W. Ross and Mary H. Ross were alleged to be the owners.

For convenience the plaintiffs in error will hereinafter be designated as the loan companies, and S. H. Weakley Lumber Company as the lumber company.

The trial court adjudged the lumber company to be the holder of a valid first mechanic's and materialman's lien upon the property mentioned, superior to the claims of the loan companies under their mortgages, adjudged the loan companies to be the holders of valid second and third liens upon the property, and rendered judgment accordingly foreclosing all of said liens.

The cause was tried upon an agreed statement of facts, omitting caption, as follows:

"It is stipulated and agreed by and between the plaintiff, S. H. Weakley Lumber Company, on the one part, and the defendants Aetna Life Insurance Company and Gum Brothers Company, on the other part; by their respective attorneys, E. B. Arnold and Furry & Donovan, that the following matters and things are true, and that this agreed statement of facts shall be accepted as full and complete proof thereof;

"That on July 20, 1923, defendant W. W. Ross contracted to purchase from Ben Panter the land described in plaintiff's petition, for the sum of $3,000, that on said date Ben Panter executed a deed to said W. W. Ross and deposited same in a bank to be delivered to Ross upon the payment of the purchase price; that Ross immediately entered into possession of said land and began the erection of a house thereon; that he purchased certain of the material for said improvement from plaintiff; that the first of said materials furnished by plaintiff and used in said improvement were furnished on August 7, 1922, and that the last of said materials were furnished December 26, 1922; that at the time the first of said materials were furnished said Ben Panter came with the defendant Ross to the plaintiff's place of business and stated to plaintiff that he was on a deal with Ross to sell him the land upon which the improvements were to be erected; that said statement was made for the purpose of procuring for Ross credit for the purchase of the materials and with the intention that plaintiff should rely upon same in selling said materials to Ross upon credit; that on or about August 12, 1922, said W. W. Ross applied to the agent of the defendant Gum Bros. Company. for a loan of $2,000 to be used in paying a part of the purchase price of said land; that said defendant Gum Bros. Company agreed to, and did, procure for him said loan from defendant Aetna Life Insurance Company, and that the entire proceeds of said loan were paid to said Ben Panter on the purchase price of said land, or were used in paying off existing liens on said land which said Ross had assumed as a part of the purchase price; that the mortgage so executed is the mortgage referred to in the second amended answer and cross-petition of defendant Aetna Life Insurance Company; that at the time of procuring said mortgage above referred to and in consideration of the services of said Gum Bros. Company in procuring same, said defendant Ross executed to said Gum Bros. Company, on August 12, 1922, the mortgage described in their second amended answer and cross-petition; that said mortgage for $300 and $100 in cash paid to Gum Bros. was interest at the rate of two per cent. per annum upon the loan from Aetna Life Insurance Company, which by agreement between said Gum Bros. Company and said W. W. Ross was retained by said Gum Bros. Company as their commission for procuring said loan; that said mortgages of Aetna Life Insurance Company and of Gum Bros. Company, were recorded on September 1, 1922; that $1,280 of the proceeds of said loan was paid out by the local agent of the Gum Bros. Company, after he had knowledge that plaintiff was furnishing Ross materials for the erection of improvements on said premises; that on September 21, 1922, said Ben Panter, having been paid the purchase price for said property, caused the deed theretofore executed by him to Ross to be delivered and same was delivered and recorded on September 21, 1922; that the amounts due to plaintiff are as stated in the prayer of its petition, and that the amounts due to defendants Aetna. Life Insurance Company and Gum Bros. Company, respectively, are as stated in their second amended answers and cross-petitions."

After unsuccessful motion for a new trial the loan companies gave notice of appeal, and the matter is now before this court on petition in error and case-made for a review

of said judgment. It is the contention of the loan companies that the judgment of the trial court is not sustained by any evidence and is contrary to law.

It is apparent from a review of the above agreed statement of facts that, since the material for the improvements was furnished by the lumber company commencing August 7, 1922, and since the mortgage liens of the loan companies were not executed until August 12th, nor filed for record until September 21, 1922, that the lien of the lumber company was superior to those of the loan companies, unless said lien is invalid under the proviso contained in section 7461, C. O. S. 1921, as follows:

"* * * Provided, however, that where the person making such improvements or causing same to be made holds a contract for title to real estate with the person in whom the record title to said real estate rests no lien shall attach to either the land or the improvements without the written consent of the person in whom said record title is vested, and no court shall hereafter have jurisdiction to hear and determine any suit to foreclose such a lien unless such assent or a certified copy of the same is attached to the petition to foreclose."

It seems clear that the facts of this case are within the terms of the proviso quoted. Ross, the individual causing the improvements to be made, held a mere contract for the title to the real estate with Panter, in whom the record title rested. In this situation, by the express terms of the statute, it was provided that no lien should attach without the written consent of the person in whom the record title was vested. It is admitted that the written consent of the record owner, Panter, to the creation of the lien was never obtained. Clearly, the phraseology employed by the Legislature in the above quoted proviso of the statute, made the written consent of the record owner of the real estate in possession of a vendee under an executory contract of sale a primary element of any lien thereafter asserted by the materialman for material furnished and used in the construction of improvements on the real estate, not only as against the vendor in such unexecuted sale, but as against individuals claiming an adverse interest in the real estate under valid and subsisting mortgage liens.

In Basham et al. v. Goodholm & Sparrow Inv. Co., 52 Okla. 536, 152 Pac. 416, it is said in the first paragraph of the syllabus:

"The law relating to liens of materialmen and mechanics was not known to the common law and is a creature of the statute, and its operation and extent are prescribed and limited by statute."

The argument is advanced that Panter, the title owner, has waived his defense, and is estopped from pleading it, and that therefore the loan companies cannot plead it in this action. This argument, however, overlooks the concluding portion of the proviso, which was evidently inserted to bar estoppels, waivers, and other methods of departure from the exact words of the statute. The concluding portion of the proviso reads as follows:

"* * * And no court shall hereafter have jurisdiction to hear and determine any suit to foreclose such a lien unless such assent or a certified copy of the same is attached to the petition to foreclose."

Not only did the Legislature by the proviso entirely invalidate liens for improvements caused by a vendee under an executory contract for the sale of real estate, where the record title thereto still rested in the vendor, without the written consent of such vendor, but it went further and denied to any court judicial power to foreclose the lien, although such lien might in other respects have been valid, unless the written consent of the vendor or a certified copy thereof was attached to the petition to foreclose.

In other words, the Legislature in effect not only denied judicial power to the courts to enforce a materialman's lien procured by a vendee under an executory contract for sale of real estate, where the record title thereto still rested in the vendor, without the written consent thereto of the vendor, but went further and denied such courts judicial power to foreclose said lien, even where written consent had been obtained from the vendor, unless such consent or a certified copy thereof should be attached to the petition to foreclose.

If the court is without judicial power to proceed, unless the written consent of the vendor should be attached to the petition, it is certainly logical to say that it would be without judicial power to proceed where the vendor had not as a matter of fact given his written consent at all.

Obviously, then, it was not the purpose and intent of the statute to make the absence of written consent a matter of defense to be pleaded on the part of the defendant, and therefore subject to the usual rules of estoppels and waivers in relation to defenses generally, but it was manifestly the legislative purpose to bar the way to judicial relief of any character where such written consent had not been given, or, if given, the

original or a copy thereof had not been attached to the petition.

It follows that the lumber company could not have maintained, as against Panter, that he had waived his rights and consented to the creation of the lien, since without Panter's written consent attached to the petition to foreclose, the court would have been without any jurisdiction of the action to foreclose, and such matters as waivers and estoppels could not have been the subjects of judicial inquiry.

The purpose of the statute seems plain. This purpose, as indicated above, was to put all lien claimants furnishing material for the improvement of real estate to vendees under an executory contract of sale upon notice that, in order to secure such lien and obtain the aid of the courts in foreclosing the lien, they must obtain from the owner of the record title his written consent to the creation of the lien.

It is argued that the rule contended for by the loan companies is contrary to the rule announced in O. K. Boiler & Welding Co. v. Minnetonka Lumber Co., 103 Okla. 226, 229 Pac. 1045. The rule, however, announced in that case is not applicable to the facts in the instant case. In that case the owner of the record title occupied the relation of joint adventurer with another record title owner who was a party to the contract with the materialman, and the court held:

"* * * The act of E. J. Baker, who was a joint owner of the property in contracting with the lumber company * * * was equivalent to his written consent for the creditors to perfect mechanic's liens against his interest in the property. * * *"

There is nothing in the facts in the case at bar to indicate that Ross and Panter were joint owners or coadventurers in the development and improvement of the property, but, on the other hand, Panter was selling the property outright to Ross, and shortly after the contract between the lumber company and Ross, delivered the absolute title to Ross. The mere fact that Panter was interested as seller in collecting the purchase money from Ross for the property did not constitute him a joint owner or coadventurer with Ross, in the sense the parties sustained with each other in the case cited.

It follows that the judgment of the trial court must be reversed, with directions to set aside its judgment herein, awarding the lumber company a first lien upon the property described in its petition, and enter judgment in favor of Aetna Life Insurance Company and Gum Brothers Company, establishing their mortgages, respectively, as first and second liens upon the property, and that it cause such other proceedings to be taken not inconsistent with the views herein expressed as accord with right and justice.

By the Court: It is so ordered.

Note.—See under (1) 27 Cyc. pp. 60, 369 (Anno); anno. 2 A. L. R. 797; 18 R. C. L. p. 885; 3 R. C. L. Supp. p. 869; 4 R. C. L. Supp. p. 1224.