COMMERCIAL LUMBER CO. et al. v. NELSON et al.

No. 27775.   Oct. 26, 1937.

Pierce & Rucker and Fred M. Mock, for petitioners.

Jameson, Gray & McMahon, O. C. Essman, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court to obtain a review of an award made by the State Industrial Commission in favor of George W. Nelson and against the petitioner Commercial Lumber Company and its insurance carrier. The award as made was against John Lindley, Claude L. McKinney, Commercial Lumber Company, and its insurance carrier, Maryland Casualty Company. The award made John Lindley primarily liable and Claude L. McKinney and Commercial Lumber Company and its insurance carrier secondarily liable. The petitioners challenge the award only in so far as it attempts to hold them secondarily liable to the respondent. The facts as shown by the record will be briefly stated. Claude L. McKinney entered into a contract with one O. Smulian whereby the former agreed to construct a residence for the latter free of any liens and claims, for an agreed consideration of $6,000. The Commercial Lumber Company guaranteed the faithful performance of said contract. John Lindley entered into a contract with McKinney to do the paint work on the house, and the respondent, an employee of Lindley, sustained an accidental personal injury while engaged in painting the house under the subcontract. Neither McKinney nor Lindley carried compensation insurance. The Industrial Commission found that Smulian was not liable to the respondent, and thereupon proceeded to further find that the contract of the Commercial Lumber Company whereby it guaranteed the performance of McKinney's contract with Smulian constituted the lumber company a joint adventurer with McKinney and liable to the respondent as such, and, incidentally, also held that the insurance carrier of the lumber company was liable. Petitioners for the vacation of said award, in so far as it affects them, contend, in substance, that the finding of a joint adventure between McKinney and the lumber company is without the support of any competent evidence, and that the Industrial Commission was without jurisdiction to enter an award against the lumber company's insurance carrier. If the first contention advanced is well taken, then the latter needs no discussion. As pointed out in the case of E. D. Bedwell Coal Co. v. State Ind. Comm., 157 Okla. 227, 11 P. (2d) 527:

"A joint adventure is a special combination of two or more persons where in some specific venture a profit is jointly sought without any partnership or corporate designation."

See, also, Smith v. Burt, 150 Okla. 34, 300 P. 748; Perry v. Morrison, 118 Okla. 212, 247 P. 1004. When it is established that a joint adventure has been entered into, then the law of partnership applies between the parties and third persons. O. K. Boiler & Welding Co. v. Minnetonka Lumber Co., 103 Okla. 226, 229 P. 1045.

There was no evidence of any agreement between Claude McKinney and the Commercial Lumber Company with respect to any specific agreement to enter into a joint venture in connection with the building contract which McKinney had with Smulian, nor is there any evidence to show that the parties contemplated a participation from the profits from the building venture. On the contrary, there is positive evidence in the record to the effect that the lumber company merely intended to and did guar-

antee Smulian against any loss which he might sustain by reason of failure of McKinney to complete his contract, which was to deliver a completed house to Smulian free from any liens and charges for which the property would be legally liable. It appears from the evidence that the sole consideration for the guarantee of the contract on the part of the lumber company was the profit which it might make on the sale of lumber and materials to McKinney and not any of the profits in the building venture itself. It will thus be noted that the consideration moving to the lumber company for its guarantee was in the nature of a premium and not a participation with McKinney in any profits which might accrue from the contract which he had with Smulian. As pointed out in the case of E. D. Bedwell Coal Co. v. State Industrial Comm., supra, a profit jointly sought in a single transaction by parties thereto is the chief characteristic of a joint venture. The profit accruing, however, must be joint and not several; otherwise, every person, firm or individual who furnished material or supplies or performed work or labor in connection with the enterprise might be termed joint adventurers therein whether they had any such intention or not. There is no evidence in the record to show that Claude L. McKinney and Commercial Lumber Company ever intended to engage in a joint adventure and the facts do not sustain the existence of such a relation. The existence of such relation was material to the finding of the State Industrial Commission, and under the record the finding is without the support of any competent evidence. As stated in Tulsa Rig, Reel & Mfg. Co. v. Case, 176 Okla. 262, 55 P. (2d) 777:

"Where there is an entire absence of any competent evidence upon which to base a material finding of the State Industrial Commission necessary to support an award of compensation, this court will declare as a matter of law that an award based upon such unsupported material finding is unauthorized and will vacate the same."

In view of the conclusion reached, it is unnecessary to discuss the other contention advanced by the petitioners. The State Industrial Commission was without jurisdiction to enter an award against the Commercial Lumber Company, and this being true, it likewise was without jurisdiction to enter an award against its insurance carrier.

The award is vacated as to the Commercial Lumber Company and Maryland Casualty Company.

OSBORN, C. J., and RILEY, CORN, GIBSON, and DAVISON, JJ., concur.