## SAND SPRINGS HOME et al. v. DAIL et al.

No. 29482. May 21, 1940.

Rehearing Denied June 18, 1940.

*103 P. 2d 524.*

J. B. Houston and E. J. Doerner, both of Tulsa, for petitioners.

Thompson & Ingersol, Roy V. Lewis, and A. M. Covington, all of Tulsa, Pierce & Rucker, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On the 30th day of March, 1939, the respondent filed his first notice of injury and claim for compensation, stating that on December 2, 1938, while engaged in a hazardous occupation covered by the Workmen's Compensation Law, section 13348, O. S. 1931, et seq., 85 Okla. St. Ann. § 1 et seq., he was injured when he stepped into a rut and sprained his foot. At the time of the accidental injury he was employed as a pumper by E. D. Dail on the Nancy Jones lease west of Sand Springs. He went to a tank of oil to shut it off and while on the way he stepped into a rut, thus sustaining the injury which resulted in the loss of the foot.

At the conclusion of all of the hearings, an award for temporary total disability and the loss of the foot was entered against E. D. Dail and his insurance carrier and Sand Springs Home and its insurance carrier on the theory that Dail and the Sand Springs Home were joint adventurers. The Sand Springs Home and its insurance carrier have filed this original proceeding to vacate the award as to them. E. D. Dail and his insurance carrier make no appearance.

First, it is alleged that the Sand Springs Home could not be engaged as a partner or joint adventurer with an individual. This court has held that a corporation has the power to enter into a joint venture with an individual. Municipal Paving Co. v. Herring, 50 Okla. 470, 150 P. 1067, citing Mestier v. Chevalier Paving Co., 108 La. 562, 32 So. 520.

It is next urged that there was no justification for the finding by the State Industrial Commission that there was a joint adventure. The rule to be applied in determining this question has been announced in E. D. Bedwell Coal Co. v. State Industrial Commission, 157 Okla. 227, 11 P. 2d 527, wherein this court held that a joint adventure may exist where persons embark in an undertaking without entering upon the prosecution of the business as partners strictly, but engage in a common enterprise for their mutual benefit. See, also, O. K. Boiler & Welding Co. v. Minnetonka Lbr. Co., 103 Okla. 226, 229 P. 1045; Dobbins v. Texas Co., 136 Okla. 40, 275 P. 643; Twyford

et al. v. Sonken-Galamba Corp., 177 Okla. 486, 60 P. 2d 1050; Commercial Lbr. Co. v. Nelson, 181 Okla. 122, 72 P. 2d 829. As was said in Bedwell Coal Co. v. State Industrial Commission, supra:

"Joint adventures being special combinations of two or more persons where, in some specific venture, a profit is jointly sought without any actual partnership designation, there is no reason why the parties by special agreement could not limit their respective profits and provide by their specific contract which particular part of the expenses each party should bear before participating in any profits."

When the entire scope of the enterprise is taken into consideration, together with the manner of carrying it out as disclosed by the evidence, we are of the opinion that the State Industrial Commission was authorized to find the petitioner Sand Springs Home and E. D. Dail were joint adventurers in the operation of the lease.

The Sand Springs Home had a one-fourth interest in the lease known as the Nancy Jones lease, where the respondent was injured, and it is admitted that it was charged with one-fourth of the operating expenses and shared in the payment of salaries including the salary of the respondent. E. D. Dail operated the lease, hired all the labor, and made all the purchases and expenditures for the expenses and operation of the lease under said agreement, wherein both shared in the expenses of operation. The agreement also included a sharing in the profits as set out in an original written agreement and a subsequent executed oral agreement of the parties.

In the second proposition petitioner urges that E. D. Dail was an independent contractor. What we have said above also disposes of this proposition, as the fact that he is a joint adventurer precludes his being an independent contractor.

Award sustained.

RILEY, OSBORN, HURST, DAVISON, and DANNER, JJ., concur.