ANDERSON et al. v. DUKES et al.

No. 30966. Nov. 9, 1943.

Rehearing Denied Dec. 21, 1943.

*143 P. 2d 800.*

Butler & Rinehart, of Oklahoma City, for petitioners.

A. E. Pearson, of Oklahoma City, for petitioner Forest Anderson.

Dwight Tolle, of Okemah, and Mac Q. Williamson, Atty. Gen., for respondents.

ARNOLD, J. On the 25th day of October, 1941, R. S. Dukes, hereinafter called respondent, filed his first notice of injury and claim for compensation, stating that he sustained an accidental injury arising out of and in the course of his employment with Forest Anderson. Thereafter, on the 1st day of April, 1942, the State Industrial Commission entered its award for compensation, from which order the Tri-State Casualty Insurance Company alone has appealed.

The petitioner (insurance carrier) contends that it is not liable for the reason that it carried a contract of insurance issued to Forest Anderson, individual, and such policy did not extend to partnership operations of Forest Anderson and others; that the respondent claimant was injured while working on a well that was the partnership operation of Forest Anderson, E. J. Franks, and John A. Cochran.

The testimony going to this contention is as follows:

The respondent claimant testified that he was working for Anderson; that Anderson paid him; that Franks was the tool pusher for Anderson; that he was hired by Franks at the direction of Anderson.

Franks testified that he owned a one-half interest and Anderson owned a one-half interest in the drilling rig used on the well; that Root owned the block of leases on which the well was drilled; that Anderson bought and paid for the leases; that Anderson owned the derrick that was erected thereon; that a written contract was entered into between himself, Anderson, and Cochran whereby it was agreed they would jointly. share the expense of drilling the well; that the tools belonging to Franks and Anderson were to be used, and that

Franks was to oversee the drilling, and that Anderson was to get a one-half interest, Cochran a one-fourth interest, and Franks a one-fourth interest; that thereafter the contract was abandoned because Cochran was unable to sell a sufficient number of leases to finance the drilling of the well; that Anderson went ahead and drilled the well at his own expense; that he, Franks, received one-fourth of the leases for the use of his interest in the tools and for his services as tool pusher; that everything was done at Anderson's expense.

Anderson testified that the written contract was abandoned because Cochran could not sell the leases; that he went ahead and drilled the well, paying all the expenses; that Franks was the tool pusher on the well; that Franks owned a one-half interest in the rig and received one-fourth of the leases for the use of the tools and his services in the drilling of the well; that he had Franks hire the respondent claimant and personally paid him; that the drilling of the well was his individual operation.

Cochran testified that the contract was abandoned; that he had nothing whatsoever to do with the well; that he got out after he was unable to sell sufficient number of leases to finance the well; that Anderson drilled the well at his own expense.

There was no direct evidence that the partnership arrangement had not been abandoned before the injury to respondent occurred.

The relationship of master and servant is an absolute requisite to the entering of an award. Moore & Gleason v. Taylor, 97 Okla. 193, 223 P. 611; El Reno Broom Co. v. Roberts, 138 Okla. 235, 281 P. 273; Fidelity & Casualty Co. v. Baker, 162 Okla. 10, 18 P. 2d 894. A partnership is a distinct entity from the individual members constituting it (Hassen et al. v. Rogers et al., 123 Okla. 265, 253 P. 72), and is designated as one of those who may be an employer under the Workmen's Compensation Act. 85 O. S. 1941 § 3.

A partnership as employer constitutes an entirely different employer than would exist if one of the partners is the individual employer. Therefore, this court will make an independent review of the evidence to determine whether or not Forest Anderson as an individual was operating the lease or whether there was a joint venture consisting of Forest Anderson and any other individuals for the reason that the insurance issued by the Tri-State Casualty Insurance Company was issued to Forest Anderson as an individual, and its liability depends upon whether or not Anderson or the partnership was the employer.

We are of the opinion, and hold, that from a review of all of the evidence the State Industrial Commission reached the correct conclusion in finding that the respondent was an employee of Forest Anderson. See New York Indemnity Co. v. Ferrell, 142 Okla. 235, 286 P. 314; Pittsburg Plate Glass Co. v. Morris, 178 Okla. 273, 62 P. 2d 645; Swift & Co. v. Hurley, 167 Okla. 5, 27 P. 2d 821; Flowers v. Hill, 119 Okla. 275, 249 P. 704.

The award of the State Industrial Commission is sustained.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, WELCH, HURST, and DAVISON, JJ., concur. BAYLESS, J., absent.