**W. B. JOHNSTON GRAIN COMPANY, a corporation, and Utilities Insurance Company, Petitioners,**

v.

**Cecil C. SELF, W. B. Johnston Grain Company and Associates, Nelson Grain Company, a co-partnership, Robert E. Nelson, Sr., Robert E. Nelson, Jr., Wheeler Brothers Grain Company, as individuals and doing business as W. B. Johnston Grain Company and Associates, Maryland Casualty Company, Western Casualty and Surety Company and the State Industrial Commission, Respondents.**

**No. 38144.**

Supreme Court of Oklahoma.

Sept. 29, 1959.

**654**

Pierce, Mock & Duncan, Oklahoma City, for petitioners.

H. C. Ivester, Sayre, Fenton & Fenton, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

Claimant, Cecil C. Self, was awarded compensation by the State Industrial Commission against W. B. Johnston Grain Company and its insurance carrier, Utilities Insurance Company. The insurance carrier brought this proceeding to review the award. W. B. Johnston Grain Company and the insurance carrier have filed separate briefs and they are adverse to each other. The insurance carrier contends that claimant was not the employee of W. B. Johnston Grain Company, but was the employee of a joint adventure designated as W. B. Johnston Grain Company and Associates; that a joint adventure is a legal entity separate and apart from the various parties composing it so that the true employer of claimant was such entity rather than the various members of the joint venture; and that since W. B. Johnston Grain Company was not the employer, its insurance carrier is not liable.

It was stipulated that if claimant was the employee of anyone his master would have been the W. B. Johnston Grain Company and Associates, a joint adventure. The language of the stipulation suggests that a joint adventure is a legal entity, but if as a matter of law it is not a legal entity any suggestion to the contrary contained in the stipulation must be ignored.

If, as petitioner contends, a joint adventure is a separate legal entity then by force of the language contained in Anderson v. Dukes, 193 Okl. 395, 143 P.2d 800, and in Oklahoma Farm Bureau Mut. Ins. Co. v. Mouse, Okl., 268 P.2d 886, it would appear that W. B. Johnston Grain Company and the other members of the joint adventure were not employers in the sense that would cause the individual insurance carriers to be liable.

The above mentioned cases involved partnerships and the holdings therein were based upon prior pronouncements of this court to the effect that a partnership is a distinct entity from the individual members constituting it. In Anderson v. Dukes, supra [193 Okl. 395, 143 P.2d 801], the court said:

"A partnership is a distinct entity from the individual members constituting it. * * *.

"A partnership as employer constitutes an entirely different employer than would exist if one of the partners is the individual employer. * * The insurance issued by the Tri-State Casualty Insurance Company was issued to Forest Anderson as an individual and its liability depends upon whether or not Anderson or the partnership was the employer."

In Oklahoma Farm Bureau Mut. Ins. Co. v. Mouse, supra [268 P.2d 888], it was stated:

"Plaintiff was employed by the partnership * * *. The insured in the insurance policy was Rubal Ruther, as an individual. Therefore plaintiff was not an employee of the insured * * *."

Petitioner contends that *all* questions arising in connection with a joint adventure are governed by the laws of partnership. Boles v. Akers, 116 Okl. 266, 244 P. 182, and Twyford v. Sonken-Galamba Corp., 177 Okl. 486, 60 P.2d 1050. In the Boles case we said that the "rights as between the adventures are governed * * * by the same rules that govern partnerships." [116 Okl. 266, 244 P. 184.] In the Twyford case we said further that questions arising from the adventurers' "relations with third parties are governed by the laws of partnership." [177 Okl. 486, 60 P.2d 1051.] But a pronouncement that the rights and liabilities of joint adventurers inter sese and as to third persons are governed generally by the laws of partnerships is not tantamount to saying that a joint adventure's entity or non-entity character depends upon whether a partnership is or is not a distinct entity. Our task at this point is to determine what a joint adventure is or isn't, not to determine what the rights and liabilities are of those engaged in a joint adventure.

In Boles v. Akers, supra, we said that a joint adventure was similar to a partnership but not identical. In Wertzberger v. McJunkin, 171 Okl. 528, 43 P.2d 729, 731, we said:

"* * * The relationship of joint adventurers is one of comparatively recent origin and is purely a creature of the American courts. At common law, the relationship was recognized as merely an informal kind of partnership and the courts made no attempt to distinguish the one from the other. There is gradually building up a body of law in our courts applicable to this relationship, which may or may not apply to the relation of partners. 33 C.J. 841. In the case of Sturm v. Ulrich, 10 F.2d 9, 11, Judge Stone, speaking for the Eighth Circuit Court of Appeals, said:

" 'In working out the legal rights and liabilities arising from novel legal relationships, courts wisely strive to assimilate such to other long established and defined relationships to which the one in question is most similar. But analogy does not mean identity. It implies difference. Also, the attendant use of established terminology only adds to the danger of carrying an analogy too far.' "

In Maryland Casualty Co. v. Rose, 163 Okl. 76, 20 P.2d 1046, 1047, appears the following language:

"* * * Counsel argue that the Maryland Casualty Company has been misled by the said W. W. Rose and J. E. Mabee, Inc., and that, it having suffered thereby, the said W. W. Rose and J. E. Mabee, Inc., are partners under the law, and under the record in this case are joint adventurers; that by reason thereof the law of partnership governs as the law of joint adventurer; that notice to W. W. Rose, one of the partners, or one of the joint adventurers, was sufficient notice to J. E. Mabee, Inc., relying on section 7292, C. O. S. 1921, which provides for the required notice which the employee is to give to the employer, and which in part reads as follows:

" ' * * * if the employer be a partnership then such notice may be given to any one of the partners. * * *.'

"* * * Even though said W. W. Rose and J. E. Mabee, Inc., sustained a relationship of joint adventurer,

said section can have no application to service upon joint adventures. * * *. A partnership is distinguishable from a joint adventure. O. K. Boiler & Welding Co. v. Minnetonka Lumber Co., 103 Okl. 226, 229 P. 1045. * * *"

We have been cited no cases wherein the court expressly discussed or commented upon the question of whether a joint adventurer is or is not a distinct entity separate from the parties composing it; however, in Sand Springs Home v. Dail, 187 Okl. 431, 103 P.2d 524, the Commission found that the claimant was in the joint employment of the joint adventurers and entered an award against each of them and their separate insurance carriers. One of the joint adventurers and its insurance carrier appealed. The award was affirmed. There inheres in that decision the principle that an employee of a joint adventure is an employee of each of the individual members of the joint adventure. Though, admittedly, it was not contended in that case that the joint adventure, as a distinct entity, was the employer. Subsequently, in Traders & General Ins. Co. v. Sand Springs Home, 195 Okl. 509, 158 P.2d 1018, which involved another facet of the same case, we said that the award in Sand Springs Home v. Dail was joint and several and that the injured employee was the employee of each of the joint adventurers, and that they and their insurance carriers had a common and several burden of liability to the workmen for the full amount of the award. In this connection, we observe parenthetically that no complaint is made by claimant nor petitioner insurance carrier as to the Commission's failure to enter the award against the other adventurers and their insurance carriers. Undoubtedly, this is because of our decision in Spaulding & Osborne v. Pacific Employers Ins. Co., 192 Okl. 154, 134 P.2d 581.

If we consider only that which was said or approved in the Sand Springs Home

cases it would appear to refute the insurance carrier's contention that a joint adventure constitutes a separate legal entity. But since the court did not expressly say, in those cases, that the joint adventure was not a separate entity we deem it advisable to expressly consider this question in the present case, and in doing so we further deem it necessary to consider the origin and basis for the view that a *partnership* is an entity.

It appears that under the common law a partnership was not considered as a legal entity separate from the individuals constituting it. In a great many states it is still not so considered. See 40 Am. Jur. Partnership § 18, p. 138. Part of this section reads as follows:

"Amid this conflict of authority, the most approved opinion appears to be that which recognizes that a partnership is not an entity like a corporation, that its status as a legal entity is limited and incomplete; and that it is not a legal entity, having, as such, a domicil or residence separate and distinct from that of the individuals who constitute it."

And though there are decisions by this court to the effect that a partnership is a distinct entity it was not generally considered by the bar of this state that a partnership was such an entity as was capable of taking and holding title to real estate prior to the adoption of the Uniform Limited Partnership Act, 54 O.S. 1951 § 141 et seq., in 1955, which expressly authorizes the acquisition of real property in the partnership name. See Title Examination Standard No. 19, Chapter 1— Appendix to Title 16 O.S.1951.

The genesis of the view in this jurisdiction that a partnership is an entity was the case of Heaton v. Schaeffer, 34 Okl. 631, 126 P. 797, 798, 43 L.R.A.,N.S., 540. In that case we held that since partnership debts are by statute declared to be joint debts of the partners, as opposed to both joint and several, an in-

dividual judgment cannot be entered against one of the partners even though he is served except to the extent of subjecting his property to payment of the partnership debt after the partnership assets are exhausted. (Of course this requires an individual judgment of some kind or nature, as otherwise there could be no secondary liability and recovery from the individual partners.)

In arriving at this conclusion the court said:

"A consideration of the statutes quoted and cases cited, together with the case of Symms Grocer Co. v. Burnham, Hanna, Munger & Co., 6 Okl. 618, 52 P. 918, leads to the conclusion that in this jurisdiction a partnership is to some extent a separate entity from the individuals who compose it, and that the members of a firm are not directly liable upon a debt of the partnership, but their liability arises out of their connection with the firm, and is only traceable through the firm, and must be established by a judgment against the firm."

A careful reading of Heaton v. Schaeffer, supra, will disclose that the principal reason for the conclusion that a partnership was a separate entity, so that an individual judgment establishing primary liability could not be rendered, was the statute which made partnership debts joint obligations rather than joint and several. This is patent from the following language in the latter part of the opinion:

"Many states have by statute made all contracts which were joint at common law both joint and several, and under such statutes an individual judgment can be rendered against one partner on a partnership debt. Our statute with reference to partnership debts makes them the joint debts of the partners."

In Right Way Laundry v. Davis, 98 Okl. 264, 225 P. 345, we held that the rule announced in Heaton v. Schaeffer, supra, was applicable only as to contract obligations of the partnership, and that in tort actions, the liability is joint and several so that an action can be maintained against any one member of the partnership without joining the others. See also Vernon v. Dobbins, 190 Okl. 293, 123 P. 2d 264, wherein it was held that both partners were liable in their individual capacity for the negligence of one of the partners. It is apparent that this rule is somewhat inconsistent with the rule that a partnership is an entity, and illustrates that the primary reason a personal judgment cannot be rendered against a partner in contract cases is because of the statute which provides for joint rather than joint and several liability. There is a difference of opinion as to whether an action for Workmen's Compensation is in the nature of a tort action or a contract action. See 58 Am.Jur. Workmen's Compensation § 4. In Fowler v. Brooks, 193 Okl. 580, 146 P.2d 304, we treated such an action as a contract action inasmuch as we held in that case that the partners were not severally liable for a Workmen's Compensation award. In the Sand Springs Home cases, we necessarily held either that an action for Workmen's Compensation was in the nature of a tort action, which would create joint and several liability even though the joint adventurer was an entity, or that a joint adventure created only a status and not a distinct entity, so that each joint adventurer was an employer. Since the decision in Traders & General Ins. Co. v. Sand Springs Home, supra, was subsequent to our decision in Fowler v. Brooks, supra, it must follow that in the Traders & General case the basis for holding the joint adventurers severally liable for Workmen's Compensation was that a joint adventure is not an entity; therefore each adventurer is an employer, and therefore individually liable.

The exact nature of a joint adventure is rather nebulous. However, it has been generally considered as the creation of a

status or relationship between the parties rather than the creation of an independent business entity. In 30 Am.Jur. Joint Adventures § 1, p. 938, it is said:

"Joint adventures, as hereinafter defined and distinguished, are of modern origin. The concept of such association or legal structure has been said to be purely the creature of the American courts. The early common law recognized no relationship between persons as coadventurers apart from that of a partnership established by proof of the existence of the requisite elements of partnership. In the course of time, however, through judicial decisions by American courts, there has been developed the concept that a status may be created by persons combining their properties or services in the conduct of an enterprise without forming a partnership, at least not a formal partnership in the legal or technical sense of the term."

We hold that a joint adventure is not a distinct legal entity separate and apart from the parties composing it.

Since a joint adventure is not a distince legal entity, it follows that claimant was the employee of each of the joint adventurers. And each joint adventurer and their individual insurance carriers are jointly and severally liable for the entire award under our decisions in the Sand Springs Home cases. Therefore the award was properly entered against W. B. Johnston Grain Company and petitioner Utilities Insurance Company, its insurance carrier. In this connection we observe that it might have been proper and more equitable had the Commission entered the award against each of the joint adventurers and their respective insurance carriers. But as hereinabove noted, and possibly because of our decision in Spaulding & Osborne v. Pacific Employers Ins. Co. supra, no complaint was made in this regard.

Award sustained.