CARPENTER ELECTRIC CO. et al. v. DRENNAN et al.

No. 35564. May 19, 1953.

*257 P. 2d 510.*

Pierce, Mock & Duncan, Oklahoma City, for petitioners.

Lewis M. Watson, Ada, and Mac. Q. Williamson, Atty. Gen., for respondents.

JOHNSON, V.C.J. Sherman Drennan, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that he sustained an accidental injury while employed by Carpenter Electric Company. An award was made against the employer and its insurance carrier and this proceeding is brought to review that award.

Claimant, Sherman Drennan, testified that he is employed as an electrician's helper for the Carpenter Electric Company; that on September 23, 1950, he was sent by his employer to a farm to load some sacks of wheat and while loading the wheat sustained his injury. There is no contention that his work at the time of the injury had any direct connection with his duties as an employee of the Electric Company.

Edward Carpenter testified that he is the owner of the Carpenter Electric Company; that he is also engaged in farming; that claimant was employed as an electrician's helper and engaged in farming; that claimant was employed as an electrician's helper and engaged generally with his duties in connection with the Carpenter Electric Company; that on September 23, 1950, Carpenter sent claimant to a farm operated by Carpenter's father to load some wheat; that in addition to the duties of claimant as an employee of his Electric Company claimant also works on the farm when directed and requested by Carpenter. Carpenter further testified that he furnished a payroll to insurer covering all of his employees; that he intended to purchase a contract from insurer covering all of his employees in whatever work they performed and so advised insurer; that he paid claimant $1.10 per hour as wages.

The cause and extent of the disability in the case under consideration are not in issue.

In two separate propositions the insurer argues, first, that the contract is limited to the employees of the Carpenter Electric Company and does not cover employments other than therein listed; second, that there is no ground for estoppel in this case as the contract of insurance is limited to the particular employment of claimant. We shall discuss these two propositions together. It is conceded that Maryland Casualty Company issued a policy to the employer which was in force at the time of the accident and upon which claimant's wages were used in computing the premiums collected. Petitioners resist the award solely upon the ground that when claimant was injured he was not engaged in any act incident to and

connected with his duties as an employee of the Electric Company.

Claimant argues that the evidence discloses that Edward Carpenter contracted for full coverage of all of his employees regardless of the nature of the work performed, and also argues that under National Bank of Tulsa Building v. Goldsmith, 204 Okla. 45, 226 P. 2d 916, the insurer is estopped to claim that claimant is not covered by the contract in question regardless of the nature of the duties performed at the time of the injury. We think the first proposition argued by claimant is controlling. Edward Carpenter stated that he bought the contract through Fred Fox, agent of insurer; that he explained fully to Fred Fox that Carpenter was engaged in other business than the Electric Company and he wanted all of his employees covered; that he wanted the farm employees covered while they were working on the farm or otherwise; that Fred Fox agreed to this and thereafter the contract of insurance was delivered. He stated that he never read the contract. He further stated that pursuant to this agreement he gave the complete figures of his entire payroll. This submission of the payroll, in a single sheet, was introduced in evidence. It was the only schedule of wages and employees obtained or required by the insurer.

The insurance agreement as set out in the testimony of Edward Carpenter is not denied. In a number of cases we have held that the agent of the insurance company is such agent for the purpose of binding said company to an agreement as to the risk incident to the contract. Great Northern Life Ins. Co. v. Cole. 207 Okla. 171, 248 P. 2d 608; Mid-Continent Life Ins. Co. v. Iven, 206 Okla. 377, 243 P. 2d 983; Atlas Life Ins. Co. v. Sullivan, 172 Okla. 595, 52 P. 2d 28. In Atlas Life Ins. Co. v. Sullivan, supra, it is stated:

"* * *The soliciting agent was the agent of the company and not the agent of the applicant. It necessarily follows that the knowledge of the soliciting agent in the absence of fraud or collusion between the soliciting agent and the applicant becomes the knowledge of the company, and it is bound thereby. * * *"

Under the facts and circumstances of this case, we hold that it was the agreement of the insurer and Edward Carpenter that the claimant be covered in his employment both while engaged in his duties at the Electric Company and while employed by Carpenter on the farm.

Award sustained.

HALLEY, C.J., and WELCH, CORN, DAVISON, WILLIAMS, and BLACKBIRD, JJ., concur. O'NEAL, J., dissents.