**UTILITIES INS. CO. et al.**

v.

**STATE INDUSTRIAL COMMISSION et al.**

No. 36281.

Supreme Court of Oklahoma.

June 15, 1954.

386

Kerr, Lambert, Conn & Roberts, Ada, for petitioners.

King & Wadlington, Ada, Mac Q. Williamson, Atty. Gen., for respondents.

JOHNSON, Vice Chief Justice.

This is a proceeding by B. J. Philpot, individually, and B. J. Philpot and G. O. Philpot, partners doing business under the firm name of Grade A Sand and Gravel Company and Utilities Insurance Company, insurance carrier for the partnership and Special Indemnity Fund to review an award of the State Industrial Commission awarding compensation to respondent, E. F. Carter.

On July 29, 1953, respondent filed a claim for compensation in which he states that on February 25, 1953, while in the employ of B. J. Philpot, or the partnership above mentioned he sustained an accidental injury to his back resulting in some disability to his person. The injury occurred while he was engaged in lifting a roof truss causing him to strain his back. He was at that time a physically impaired person as the result of previous injuries sustained while in the employ of different persons.

The trial commissioner at the close of the evidence in substance found: On the 25th day of February, 1953, respondent while in the employ of petitioners sustained an accidental personal injury arising out of and in the course of his employment consisting of an injury to his back and as a result thereof he is now temporarily totally disabled and has been so disabled ever since he sustained his injury and upon such finding awarded him compensation for temporary total disability for 22 weeks at the rate of $25 per week or the total sum of $550 and ordered such payments to continue until temporary total disability shall cease not to exceed 300 weeks. The award was sustained on appeal to the Commission en banc.

Petitioners bring the case here to review this award. Their first contention is that the evidence is insufficient to establish that respondent was an employee of the partnership at the time he sustained his injury. It is the contention of petitioners that he was at that time an employee of the Church of God.

In support of his claim respondent in substance testified he sustained an injury to his back at the time and in the manner stated in his complaint. He was working as a carpenter in the remodeling of a church building belonging to the Church of God at the time he sustained his injury. He was hired to do the work by Mr. B. J. Philpot and was paid by him for the work performed. He had been working on the job for about six days before he sustained his injury and has not been able to do ordinary manual labor since that time. Mr. Chapman was engaged as foreman of the job. He was working under direction of the pastor. Respondent was working under his orders but Mr. Philpot paid him for his work. He was paid $1.75 per hour for his work. He was however under the impression that he was to receive $2.37½ an hour. However, 37½¢ per hour was withheld from his wages as contribution to the church.

The pastor, Dr. D. M. Woolwine, testified that he was pastor of the church. He was familiar with the work being done on the church building. Mr. Carter was working on the building at the time he sustained his injury. Mr. Carter informed him of his injury and he directed him to go to a clinic for examination and treatment. He further testified that the Church of God carried no compensation insurance; that Mr. Carter was employed by Mr. Philpot at his request.

Mr. Philpot in substance testified he was a member of the Church of God, a member of the Board of Trustees and a member of the building committee; that the work he was doing was done for the benefit of the church; that he received no benefit or compensation whatever for his services. He was however of the impression that compensation insurance carried by the partnership was to cover the work then being done on the church building and that he so informed respondent. He did not personally hire respondent to work on the building but that he did so at the request of the foreman, Chapman and the pastor of the church. The partnership consisted of himself and his son. Sales slips were given by the foreman showing the amount of taxes withheld from their checks. He intended to have the slips made out in the name of Grade A Sand and Gravel Company as their employer but through mistake the foreman made the slips showing him to be the employer. At the time respondent started working on the building there was no written endorsement on the compensation policy held by the partnership showing that the employees working on the church building were covered by the policy. He however testified that prior to the time work started on the building he called upon the local agent of the insurance company, insurance carrier for the partnership herein, to have the employees working on the church building included in the policy. The question as to the additional premium necessary to cover these employees was then discussed. It could not then be determined the exact premium which would be required to include these employees in the policy and the premium was not then paid but he was informed by the insurance agent that the church employees would be included in the policy.

After the work on the building was completed and after the amount of the payroll was ascertained upon which the premium was computed, the premium was computed in the sum of $78 which premium was then paid but it was not paid until the building was completed and after the accident occurred.

The evidence therefore on behalf of respondent establishes the following facts: Respondent was employed by B. J. Philpot who was a member of the partnership known as Grade A Sand and Gravel Company. Philpot paid him for his services and made arrangements with the local insurance agent of the Utilities Insurance Company, insurance carrier for petitioners, to have the employees working on the the church building included in the policy. We think the evidence sufficient to establish that B. J. Philpot in employing respondent to work on the church building was acting as agent for the partnership; and the evidence is therefore sufficient to sustain the finding of the State Industrial Commission that respondent was in the employ of the partnership at the time he sustained his injury.

It is further contended by petitioners that the contruction or remodeling of the church building was not for pecuniary gain and that the employment engaged in by respondent was therefore not a hazardous employment within the meaning of the Workmen's Compensation Law. The evidence shows that Mr. Philpot agreed to have the work on the building done without profit to the partnership and that he would charge nothing for his services. The statute 85 O.S. 1951 § 3, par. (5), provides:

"'Employment' includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain."

The evidence shows that the partnership was engaged in carrying on a construction business. It is not contended that it was not engaged in such business for pecuniary gain. The fact that it made no profit on this particular job in question does not change the fact that it was carrying on the construction business for pecuniary gain and was therefore engaged in an occupation defined as hazardous by the Workmen's Compensation Law. 85 O.S. 1951 § 2.

It is finally contended by petitioners that the insurance contract or policy could not be extended to include the employees working on the church building without an endorsement to that fact having been made on the policy by the insurance company; that no such endorsement has ever been made on the policy.

The evidence however shows that prior to the time the work started on the building arrangements were made by Mr. Philpot, a member of the partnership, and the local insurance agent to have the employees of the church building included in the policy. The extra premium necessary to accomplish this purpose was then discussed but was not then paid for the reason hereinbefore stated. The agent of the insurance company at that time stated and agreed that the employees of the church building would be included in the policy and we think the insurance company is bound by this statement and agreement. In Carpenter Electric Co. v. Drennan, 208 Okl. 461, 257 P.2d 510, we held:

"An insurance company insuring an employer under the Workmen's Compensation Law is bound by the terms and agreements as to the coverage of the employees made by its agent with said employer."

The evidence discloses that the premium necessary to obtain the extended coverage was not determined until after the work on the church building was completed and after the respondent had sustained his injury. The premium was then paid to the local agent in accordance with the arrangements to that effect made between Mr. Philpot and the local agent prior to the time work started on the building. Respondent's wages were used in computing the premium collected on the extended coverage. The payment was accepted by the local agent and is being retained by the insurance company. In these circumstances the insurance company may not be heard to say that the respondent was not

covered by the policy for the reason that the premium was not paid until after the accident occurred or that extended coverage was not endorsed on the policy nor could it deny that the partnership was engaged in a hazardous occupation at the time respondent sustained his injury for the reason that it accepted the premium covering the liability of respondent and is therefore estopped by 85 O.S.1951 § 65.2 from asserting that it was not engaged in a hazardous occupation.

We conclude that the evidence is sufficient to sustain the finding and award of the State Industrial Commission.

Award sustained.