**MENDONCA DAIRY and the State Insurance Fund, Petitioners,**

v.

**Travis E. MAULDIN and the State Industrial Court of the State of Oklahoma, Respondents.**

**No. 41713.**

Supreme Court of Oklahoma.

Nov. 15, 1966.

**554**

Sam Hill, Moraul Bosonetto, Oklahoma City, for petitioners.

Dick Bell, Seminole, Saied & Porter by William R. Saied, Chas. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

WILLIAMS, Justice:

Pursuant to the provisions of the Workmen's Compensation Law, 85 O.S. 1961, § 1 et seq., claimant, Travis E. Mauldin, filed his claim for compensation before the State Industrial Court on January 27, 1965, alleging injury sustained February 22, 1964, arising out of and in the course of employment by the respondent Verda Van Hook and Verda Van Hook, executrix, doing business as Mendonca Dairy. The respondent denied that claimant was an employee of the respondent, denied injury connected with the employment of claimant by respondent, and denied notice.

The cause was tried before a trial judge of the State Industrial Court who found that the claimant was not employed by the respondent, and denied the claim for compensation. The order of the trial judge was appealed by the claimant to the State Industrial Court en banc, and upon hearing the appeal the court en banc vacated the order of the trial judge, which denied the claim for compensation and entered an order on appeal finding: that claimant was an employee of the respondent; that he received an accidental personal injury on February 21, 1964, arising out of and in the course of his hazardous employment with the respondent; that respondent had actual notice of the injury of claimant and claimant's failure to file statutory written notice should be excused; and awarding claimant temporary total disability compensation commuted to a lump sum, the expense of claimant for medical treatment, and compensation for 70 weeks at $37.50 per week for permanent partial disability based on 40 per cent disability to the right leg due to the injury. The respondent and the State Insurance Fund filed before this Court a petition for review, alleging that the order appealed from is contrary to law and is further contrary to the evidence.

The primary and controlling issue in this cause is whether the relation of employer-employee existed between the claimant Travis Mauldin and the respondent Verda Van Hook and Verda Van Hook, executrix, doing business as Mendonca Dairy. This question is jurisdictional, and this Court is not bound by the finding of fact by the State Industrial Court on this point, but, on the contrary, will weigh the evidence pertaining to the issue and make an independent finding and adjudication. Smith Brothers Road Construction Co. v. Palmer, Okl., 389 P.2d 495, and cases therein cited.

The claimant was regularly employed by an employer other than the respondent. The respondent conducted a business of buying milk produced by others and selling or processing such milk into milk products, and respondent in the conduct of such business kept no milch cows and consequently produced no milk for sale or processing. Mrs. Van Hook's present husband, John Van Hook, owned no interest in the Mendonca Dairy business, but did perform service, and receive payment therefor as a solicitor of business, a public relations person, and in supervising maintenance of motor vehicle equipment used in the dairy business.

John Van Hook and his wife Verda Van Hook, as a partnership, operated a ranch business in Pittsburg County known as the V-Bar-V Ranch. These spouses had acquired twenty head of Hereford springer heifers as a partnership transaction, which animals were being kept in a corral, or pasture, on the 134 acre tract on which the Mendonca Dairy operation is conducted. The fact that the condition of the animals, about to bear first calves, required close attention prompted Mr. and Mrs. Van Hook to keep them conveniently located on the premises.

Although there is some discrepancy and inconsistency in the evidence, clearly the

assistance of the claimant was sought and obtained by Mr. John Van Hook to help one of the heifers in the delivery of her calf. In that effort, or immediately following, claimant complained of pain in his knee for which injury eleven months later he filed claim for compensation.

Stock raising and dairy farming are agricultural pursuits which are not within the purview of the Workmen's Compensation Law. 85 O.S.1961, § 3(1). However, it is the contention of the claimant that he was an employee of the Mendonca Dairy which operated a creamery or milk processing plant, an operation within the purview of the Workmen's Compensation Law. 85 O.S.1961, § 2.

■ A review of the evidence herein leads this Court to conclude that the relationship of employer and employee did not exist between the claimant and respondent Verda Van Hook and Verda Van Hook, executrix, doing business as Mendonca Dairy. The evidence does not establish that Mr. John Van Hook as an agent of Mendoca Dairy employed the claimant on behalf of the dairy. On the contrary, the evidence establishes that the claimant was employed by Mr. Van Hook to perform services in connection with beef cattle belonging to the partnership of Van Hook and Van Hook. A partnership is a separate entity and constitutes a separate employer distinct from any of the members constituting such partnership. Anderson v. Duke, 193 Okl. 395, 143 P.2d 800. Consequently, there was no relationship of employer and employee between Mrs. Van Hook, as an individual, and claimant, and any insurance policy issued to her individually which covered her employees does not apply to claimant. Oklahoma Farm Bureau Mut. Ins. Co. v. Mouse, Okl., 268 P.2d 886; W. B. Johnston Grain Company v. Self, Okl., 344 P.2d 653.

■ Were this Court to find that Mr. and Mrs. Van Hook were joint venturers, a legal relationship which we have held is not a distinct legal entity separate and apart from the parties composing it, then we might be warranted in considering whether the employer-employee relation existed between the parties. If such a relationship exists, an employee engaged in activities of the joint venture is an employee of each of the joint ventures. W. B. Johnston Grain Company v. Self, supra. However, even if we were to assume that Mr. and Mrs. Van Hook were joint venturers and that claimant was an employee of each, we are still of the opinion that claimant is not within the provisions of the Workmen's Compensation Law.

■ At the time of his injury, claimant was employed in agricultural activities, and such activities are specifically excluded from the provisions of the Workmen's Compensation Law. 85 O.S.1961, § 3(1). It is true that in certain cases we have held that an employee engaged in non-hazardous employment is entitled to the benefits of the Workmen's Compensation Law. See Carpenter Electric Co. v. Drennan, 208 Okl. 461, 257 P.2d 510. However, these decisions are based upon the provisions of 85 O.S.1961, § 65.2, of effect that if an employee is scheduled as an employee by the employer for the purpose of paying premiums on a Workmen's Compensation insurance policy, the employer and the insurance carrier are estopped to deny the employee was engaged in a hazardous employment, and the provisions of 85 O.S. 1961, § 65.3, of effect that a Workmen's Compensation insurance policy is conclusively presumed to be for the benefit of each and every person upon whom premiums are paid or collected. In the instant case, only workmen in the creamery were covered in the Mendonca Dairy policy.

■ Claimant further contends that the Workmen's Compensation policy herein covered all activities conducted on the 134 acre tract of Mendonca Dairy. The only evidence to support this contention is the testimony of Mrs. Van Hook, who stated that she intended that the policy cover injuries on the entire dairy tract. We do not believe this testimony of her intention, standing alone, supports claimant's con-

tention. The policy issued by the State Insurance Fund specifically excluded agricultural employment and there is no evidence that the insurance carrier or any of its agents were ever informed of Mrs. Van Hook's intention or agreed to extend the coverage of the policy. Therefore, the imposition of liability against the insurance carrier on the theory of knowledge gained by a policy-writing agent or similar alleged estoppel as in Carpenter Electric Co. v. Drennan, supra, and other cases of similar import would not be warranted. Mrs. Van Hook's *intention* was merely a statement of her opinion concerning the policy's coverage.

The award of the State Industrial Court sitting en banc is vacated, and the cause remanded to the State Industrial Court with directions to enter an order denying the claim of Travis Mauldin against respondent.