**John M. HANCOCK, Plaintiff in Error,**

v.

**C. W. STRADLEY, d/b/a Stradley Supply Company, and Bobby Bennett, c/b/a B & B Supply Company, Defendants in Error.**

**No. 42834.**

Supreme Court of Oklahoma.

March 9, 1971.

Herbert L. Arthurs, Deceased, Robert W. Blackstock, Harry M. McMillan, Arthurs, Blackstock & McMillan, Bristow, for plaintiff in error.

George S. Downey, Tulsa, for defendant in error C. W. Stradley.

W. A. McWilliams, Oklahoma City, for defendant in error Bobby Bennett.

DAVISON, Vice Chief Justice.

Jack M. Hancock (plaintiff below) brought this action against C. W. Stradley, Bobby Bennett and Lonnie Sparks, as joint adventurers, to recover damages for personal injuries allegedly sustained because of negligent acts of Sparks while acting as a joint adventurer and as agent for Stradley and Bennett. The cause was tried to a jury and the jury returned a verdict for plaintiff only against the defendant Sparks. The defendants Stradley and Bennett were not mentioned in the verdict and there was no verdict either for or against them.

Plaintiff contends that the jury left the issues between plaintiff and the defendants Stradley and Bennett undetermined and that he is entitled to a new trial to properly determine these issues. Plaintiff relies upon Britton v. Groom, Okl., 373 P.2d 1012, 1014, for the proposition that where no mention is made in the verdict or judgment as to some defendants the case as to such defendants remains undecided and undisposed of.

The application of this rule depends on the circumstances.

Plaintiff's petition was based on the legal proposition that the three defendants were joint adventurers in the tearing down and salvaging of oil storage tanks. The answers of Stradley and Bennett denied they were engaged in any joint adventure with Sparks. There is no dispute that Stradley originally owned the land and the tanks thereon and that he conveyed one-half interest in at least some of the tanks to Bennett. Stradley said he conveyed his remaining one-half interest to Sparks for $32,500.00, with a down payment of $2500.-00, and the balance to be paid to Stradley and a bank (which had a mortgage), with Sparks assuming full responsiblity for dismantling his purchase. Stradley produced a memorandum of this sale signed only by Sparks. Plaintiff was employed by Sparks to help dismantle the tanks, and while so working was injured.

The action was filed when it developed that there was no Workmen's Compensation Insurance coverage. 85 O.S.1961, § 12.

The trial court, without an objection, instructed the jury in effect that the liability of Stradley and Bennett was predicated only upon the defendants being joint adventurers. The court instructed the jury in instruction No. 3, as to the elements necessary to constitute a joint adventure relationship; in instruction No. 4, that each member of a co-adventure acts individually and as agent for the other members; and in instruction No. 8, in effect, that if the jury found the defendants were joint adventurers and plaintiff was employed by one of them and was injured by their negligence, then the verdict should be for plaintiff against these defendants.

The court further informed the jury in instruction No. 9, as follows:

> "You are instructed if you do not find a joint adventure between these defendants, but do find one of the defendants hired the plaintiff and that plaintiff was injured because of the negligence of that defendant and that this negligence was the proximate cause of the plaintiff's injuries, then you must find for the plaintiff and against that particular defendant."

The jury returned a unanimous verdict "for the Plaintiff as against Sparks, and fix the amount of his recovery at $60,000." Two additional forms of verdict relative to Stradley and Bennett were not used by the

jury and were disposed of by the court. They are not a part of the record. Plaintiff made no objection to the form of the verdict.

Plaintiff filed a motion for new trial as to the defendants Stradley and Bennett. The motion was denied and plaintiff filed an appeal in simplified form to this court.

Thereafter, it was discovered that no journal entry of judgment had been prepared and submitted to the trial judge, and the record was returned to the trial court for appropriate action. In connection therewith the trial judge made and filed an affidavit in the cause relating the procedure in submitting the cause to the jury and his understanding and to the effect and result thereof. He stated, among other things, that the case was submitted to the jury under instructions relative to the liability of parties as joint venturers, and "that plaintiff having been engaged by the defendant Sparks, the other defendants would have no legal liability to plaintiff unless the jury found that they were members of a joint venture. * * *;" that under the instructions and forms of verdict presented to the jury the verdict against Sparks had the effect of exonerating the remaining defendants, "upon the finding by the jury that no joint venture or joint venture liability existed between the defendants, Stradley and Bennett, in favor of the plaintiff."

The judge further stated in his affidavit that it was his understanding with counsel for the parties that judgment was rendered in favor of plaintiff against Sparks, and in favor of Stradley and Bennett exonerating them from liability, and that a proper journal entry of judgment would be presented to the court.

The trial court then proceeded to render a judgment nunc pro tunc as of the date of trial, upon the verdict in favor of plaintiff and against Sparks for $60,000.00, and in favor of Stradley and Bennett exonerating them from liability.

The question is whether, under the above circumstances, the omission of Stradley and Bennett from the verdict left the issues as to them undecided and undisposed of.

We are cited to no case where the situation involved an alleged joint adventure relationship. However, in Missouri, Kansas & Texas Railroad Co. v. Stanley, Okl., 372 P.2d 852, the relationship was master and servant. The defendant railroad (employer) and its employees were being sued because of the negligence of the employees. The jury returned a verdict against the railroad only, and did not mention the defendant employees in the verdict. The trial court entered judgment on the verdict against the railroad and in favor of the defendant employees. The railroad appealed.

In the Stanley case we cited the case of Brokaw v. Black-Foxe Military Institute, 37 Cal.2d 274, 231 P.2d 816, for the rule that a verdict against one of two defendants which is silent as to the other defendant is not a verdict in favor of the latter, but is merely a failure on the part of the jury to find upon all of the issues. We adopted the exception stated in Brokaw that, "The rule is, however, that the silence as to one defendant stands as no verdict as to him unless the instructions to the jury show a contrary meaning." We then considered the verdict in the Stanley case in the light of the instructions and concluded that, "Although the verdict which was against the railroad company only, may not have specifically exonerated the employee-defendants, such verdict was responsive to the instructions, and the judgment rendered thereon did exonerate the employee-defendants."

The reasoning and rules applied in the Stanley case are applicable in the present case. The instructions, supra, clearly informed the jury that the existence of a joint adventure was the issue to be determined by the jury, and (Instruction No. 9) that if they found there was no joint adventure then the verdict should be against the particular defendant who hired plaintiff, provided that defendant was negligent and such negligence was the proxi-

mate cause of plaintiff's injuries. It is not disputed that Sparks hired plaintiff. Under these instructions, the verdict against Sparks alone was a finding that there was no joint adventure, and therefore that there was no liability on the part of Stradley and Bennett. We construe the affidavit of the trial judge to be that this was the understanding of those present when the verdict was returned and that a journal entry to that effect would be presented to the court for entry of judgment in the case. Clearly, the verdict was responsive to the instructions.

 Plaintiff further complains that the trial court committed reversible error in admitting into evidence the memorandum agreement whereby Stradley purported to sell his remaining one-half interest in the tanks to Sparks for $32,500.00.

This instrument was signed only by Sparks and under its terms he assumed full responsibility for dismantling the tanks and for all work and materials involved in the project. It provided that the balance of $30,000.00 was to be paid to Stradley and First Wichita National Bank within 30 to 60 days from its date of September 8, 1966.

Plaintiff's specific objection is that this instrument provides that Sparks, as buyer, is obligated to remove the tanks and consequently it is not a sale of goods, but is a sale of real estate. Citing 12A, O.S.1961, § 2–107, of the Uniform Commercial Code. Plaintiff urges that the instrument is ineffective because it was not signed by Stradley. The answer to this contention is that the issue in plaintiff's case was not whether Stradley and Sparks had entered into a legally binding agreement concerning the tanks. That was a matter between Stradley and Sparks, and for all that appears in the record they were satisfied with the arrangement. The issue in the case was whether the defendants were engaged in a joint adventure and the instrument was admissible to throw some light on the relationship between Stradley and Sparks.

We have held that there are three requirements for a joint adventure relationship: (1) a joint interest in the property by the parties sought to be held as partners; (2) agreements, *express* or *implied* to share in profits and losses of the venture; and (3) *actions and conduct* showing *cooperation* in the project. Pfleider v. Smith, Okl., 370 P.2d 17.

We have also said that the agreements or articles of a joint adventure need not be in writing. Replogle v. Neff, 176 Okl. 333, 55 P.2d 436.

The trial court did not err in admitting the instrument in evidence.

Affirmed.

WILLIAMS, BLACKBIRD, JACKSON, IRWIN, HODGES, LAVENDER and McINERNEY, JJ., concur.