Elliott TAQUENA, Claimant,

v.

BOB VALE PAINTING COMPANY et al.,
Respondents.

Jimmy Lee CRESSWELL, Claimant,

v.

BOB VALE PAINTING COMPANY et al.,
Respondents.

Rickey G. GARRISON, Claimant,

v.

BOB VALE PAINTING COMPANY et al.,
Respondents.

No. 45269.

Supreme Court of Oklahoma.

Feb. 27, 1973.

C. Laurence Elder, H. Corky Bishop, Tulsa, for claimants, Jimmy Lee Cresswell, Rickey G. Garrison, and Elliott Taquena.

Sanders, McElroy & Carpenter, Tulsa, for respondents, Bob Vale Painting Co., H & H Protective Coating Co., Yeckley Painting & Decorating Co., Hawkins Painting Co., James L. Mills Painting Contractor, and Mid-Continent Casualty Co., and their Insurance Carrier.

Paul McGivern, Dennis J. Downing, Rhodes, Hieronymus, Holloway & Wilson,

Covington, Gibbin & Poe, Knight, Wilburn & Wagner, Donald Dees, Gerard K. Donovan, Tulsa, for respondents, Cates & Revis Co., PPG Industries, Inc., Devoe Paint Co., C & S Painting Co., Cook Paint & Varnish Co., Anchor Paint & Manufacturing Co., Vogle Co., D. W. Alexander Painting Co., SCM Glidden House of Glidden, Elder Paint Co., E. L. Emmons Painting Co., Breno Co., Walter J. Gruber Painting Contractor, and their Insurance Carriers.

Dale F. Whitten, Tulsa, for respondents, Campbell Painting Co., Allied Paint Co., Celotex Corp., and their Insurance Carrier.

Jack C. Maner, Tulsa, for respondents, Jones-Blair Co., Sherwin Williams Paint Co., and their Insurance Carrier.

BARNES, Justice:

This original proceeding involves separate claims for compensable injuries received by three painters when a scaffold collapsed. No controversy exists between claimants and their employer (Bob Vale Painting Company) as to the trial judge's orders awarding compensation, affirmed by the State Industrial Court en banc, except for two matters to be mentioned later. By appropriate order these cases were consolidated under the surviving number for review by this Court. The issue presented is whether insurer of claimant's employer is solely responsible, or whether liability should be joint and several as to all respondents and insurers involved. Summation of factual background from which these claims evolved sufficiently discloses the issues.

At all times pertinent, respondents Bob Vale Painting Company, H & H Protective Coating Company, Yeckley Painting & Decorating Co., Hawkins Painting Company, James L. Mills Painting Contractor, Cates & Revis Company, PPG Industries, Inc., Devoe Paint Company, C & S Painting Company, Cook Paint & Varnish Company, Anchor Paint & Manufacturing Co., Vogle Company, D. W. Alexander Paint-

ing Company, SCM Glidden House of Glidden, Elder Paint Company, E. L. Emmons Painting Company, Breno Company, and Walter J. Gruber Painting Contractor, were dues-paying members of the Tulsa Chapter, Painting and Decorating Contractors of America, a voluntary, unincorporated association, hereafter referred to as P. D.C.A. The organization was informal, had no constitution, by-laws, or employees, and conducted no business for pecuniary gain. The principal object was to serve as a federally recognized bargaining agent with union labor, and to promote the painting industry. The general membership was composed of painting contractors. Membership also included "associate" members such as general contractors and paint suppliers named as respondents before State Industrial Court, whose real interest concerned only labor bargaining. Respondents Salley, Vale and Vogle were respectively president, vice-president and secretary of P.D.C.A.

Attendance at regular monthly meetings fluctuated, members attended intermittently, the same members not always being present at meetings. Participation was voluntary both as to membership and involvement in affairs of P.D.C.A. No means were provided for enforcing a member's participation in a project initiated by the organization, and no penalty attached for refusal. Meetings were informal, and no records of minutes or proceedings were available,

Prior to 1969, P.D.C.A. sometimes had extended a charitable gesture toward community public relations by painting a building as an organization project. The matter of a community project was discussed among those members present at regular meetings on several occasions. Decision was made to paint the exterior of Goodwill Industries Building in Tulsa on June 20, 1969. The plan was for each participating contractor to furnish part of necessary equipment and services of one man for the job. Certain paint suppliers, associate

members, agreed to furnish paint for the project.

Designated as project coordinator, respondent Vale advised other contractors what was required by way of labor and equipment. Some contractors had no painter available, but wished to participate, and Vale agreed to furnish a man for each of them and receive reimbursement from them for said employees' wages, insurance and taxes. Vale furnished some equipment and one man, but also had his brother on the job as inspector, and one Garrison (claimant's father) as foreman. Respondents D. W. Alexander Painting Company, H & H Protective Coating Company, and Walter J. Gruber Painting Contractor had no men available and Vale furnished one man for each, at their request. These men, the claimants, were injured when a scaffold fell some thirty minutes after work began. Vale then furnished three others in their place to finish the day's work, and charged each contractor for wages, insurance and social security for an eight-hour day for one man. One respondent (Cates & Revis) agreed to participate in the project, but upon arrival discovered the accident, departed the scene without working and now disclaims responsibility.

Claimant Cresswell's Form 3 named Bob Vale Painting Company and insurer as respondents. Amended Form 3 thereafter was filed in behalf of each claimant, asserting the project was a joint venture, and naming painting contractors who were P.D.C.A. members as respondents. At the first hearing, motion was sustained to make all associate member paint suppliers respondents. After extended hearing (January-February, 1970), the trial judge entered an order (December 15, 1970) finding P.D.C.A. member painting contractors were engaged in a joint venture for mutual benefit, those named being jointly and severally liable for claimant's injuries.

No determination was made concerning nature and extent of claimant's injuries, no compensation was awarded, and no provision made for payment of temporary compensation. This order named twelve paint contractors and Vogle Company as joint venturers. Eleven paint suppliers, some of whom had contributed paint or money, and two other companies, all associate members, were dismissed as not parties to the joint venture. Goodwill Industries, Inc., Manhattan Construction Co., associate member, and Painters Local Union No. 1895 all were dismissed as not having participated in the project.

Subsequently, a motion was sustained to make all paint suppliers respondents. The trial judge vacated the prior order and, after extended hearings, entered a further order (September 30, 1971) holding all painting contractors and certain associate member paint suppliers, who had attended meetings or donated paint or money, liable as joint adventurers. This order also held Vogle Company, whose president was secretary of P.D.C.A. and attended meetings, liable as joint adventurer. The order found each claimant sustained accidental injury arising out of and in the course of hazardous employment, with respondents decreed to be parties to a joint adventure, determined rate of compensation, and fixed percentage of permanent total disability. The order expressly found no temporary total compensation had been paid, and adjudicated the period of temporary total disability, rate and amount accrued, which was ordered paid in a lump sum. The order was affirmed by State Industrial Court en banc, by divided vote.

Remaining for consideration are the orders fixing compensation of individual claimants. The order in No. 45,269 found claimant Tequena was entitled to temporary total compensation for 41 weeks and one day ($1,852.50), which had not been paid. In No. 45,271 claimant Garrison was found entitled to 11 weeks and five days ($532.50), which had not been paid. In No. 45,270 claimant Cresswell was found entitled to temporary total compensation for 46 weeks and five days ($2,107.50), which had not been paid.

There is no evidence which reflects basis for finding no temporary total compensation had been paid. It is clear claimant's employer and Mid-Continent recognized initial responsibility for claimant's temporary total disability and made payments to them. It is unnecessary to decide whether these payments were loans or compensation payments.

■■ Our previous decisions state the criteria for ascertaining existence of the relationship of joint venturers. These are: (1) joint interest in the property; (2) express or implied agreement to share profits and losses of venture; (3) conduct showing cooperation in the product. No factor standing alone is sufficient to establish the relationship. See Himes d/b/a, etc. v. State Industrial Court (Okl.), 452 P.2d 570, and the annotations at 138 A.L.R. 968.

■■ A contract is essential to establish a joint adventure. Rollins v. Rayhill, 200 Okl. 192, 191 P.2d 934. Absent written contract, existence of a joint adventure may be established by parol evidence, inferred from conduct of the parties, or by facts and circumstances disclosing assumption of the relationship. O. K. Boiler & Welding Co. v. Minnetonka Lbr. Co., 103 Okl. 226, 229 P. 1045. Existence of a joint adventure between these respondents necessarily must be found either within conduct of the parties, or from evidentiary facts present.

■ At this point it becomes apparent that all of the requisite factors for the creation of a joint adventurer relationship do not exist in this case. Respondents voluntarily associated together to perform a charitable act, without any compensation other than possible public approbation. The evidence shows each contractor could furnish men or equipment if available, could quit when desired, or refuse to participate in any manner. There was no method or means by which P.D.C.A. could force participation, and neither penalty nor

censure attached to any contractor's refusal. There was no contract of employment between any respondent and employees of other contractors. Employees hired and paid by Vale performed services only to provide a work force for contractors who did not have men available. Each of these contractors reimbursed Vale for the employee's services at the prevailing wage scale, plus necessary insurance costs. Insurance premiums calculated upon basis of Vale's payroll were received by the insurer. Therefore, we find that here there was no mutual or enforcible right to control. United States Fidelity & Guaranty Co. v. Dawson Produce Co., 200 Okl. 540, 197 P.2d 978.

■ Another factor missing from the asserted relationship is lack of agreement to share in profits. The project was entirely charitable and performed without compensation, other than possible favorable publicity. It is elementary that agreement, express or implied, to share in profits of an undertaking is essential to existence of a joint adventure. Commercial Lumber Co. v. Nelson, 181 Okl. 122, 72 P.2d 829; Tulsa County Fruit & Truck Growers Assn. v. McMurphy, 185 Okl. 132, 90 P.2d 927; and E. D. Bedwell Coal Co. v. State Industrial Comm., 157 Okl. 227, 11 P.2d 527. No evidence shows a profit was contemplated or received. Nor can this contract be supported by a claimed consideration based upon mutual promises of respondents. See Nadel v. Zeligson, 207 Okl. 658, 252 P.2d 140. Consideration on this basis would denote unanimity of agreement between P.D.C.A. members. The evidence not only reflects lack of agreement, but also positive refusal of some members to participate at all. The essential element of agreement to share profits as consideration for joining in a joint venture is entirely lacking.

■ In this same connection, it is argued that pecuniary gain no longer is a

requisite element of a joint adventure, in view of our decisions in Bergstrom Painting Co. v. Pruett 205 Okl. 291, 237 P.2d 453, and Utilities Insurance Co. v. State Industrial Commission (Okl.), 272 P.2d 385. In each of these cases an employee was injured during course of the employer's engagement in charitable work. Pruett, supra, involved a painter injured while painting a church. In Utilities Ins., supra, a carpenter was injured during employment by a partnership engaged in a charitable project for a church. Cursory examination of these cases reflects that neither is authority for the argument offered. In each instance the employer was liable for compensation although engaged in charitable work. Neither case considered an issue of joint adventure. Nothing in these decisions can be construed as holding that profit no longer is a requisite element for determining existence of a joint adventure.

We are of the opinion that the factors necessary to establish relationship of joint adventure are not present. The State Industrial Court erred in finding respondents jointly and severally liable on this basis. The order awarding compensation is sustained as against Bob Vale Painting Company and its insurance carrier. That portion of the order holding respondents jointly and severally liable is vacated, and the cause is remanded to State Industrial Court to proceed in accordance with views herein expressed. Scruggs Bros. & Bill Garage v. State Industrial Comm., 94 Okl. 187, 221 P. 470.

DAVISON, C. J., and IRWIN, HODGES, LAVENDER and SIMMS, JJ., concur.

WILLIAMS, V. C. J., concurs in result.

DOOLIN, J., dissents.