Myra BOREN, as Surviving Spouse
of Darrell Boren, Deceased,
Appellant,

v.

Douglas SCOTT d/b/a Scott's
Country Store, Appellee.

No. 86749.

Court of Appeals of Oklahoma,
Division No. 1.

Sept. 17, 1996.

Certiorari Denied Nov. 19, 1996.

Anthony M. Laizure, Stipe Law Firm, Tulsa, for Appellant.

Larry B. Lipe, Donald L. Hall, Jr., Lipe, Green, Paschal & Trump, P.C., Tulsa, for Appellee.

## OPINION

JOPLIN, Judge:

Appellant Myra Boren seeks review of the trial court's order granting summary judgment to Appellee Douglas Scott, d/b/a Scott's Country Store (Scott) in Boren's action to recover damages for the alleged wrongful death of her husband, Darrell Boren (Decedent). We agree with the trial court that, as a matter of law, Scott is immune from tort liability under the Oklahoma Workers Compensation Act, 85 O.S.1991 § 12, and, accordingly, affirm.

Scott opened a convenience store in 1986 and entered into an agreement with Cross & Sons, Inc. (Cross), to install gasoline storage tanks, pumps, and supply Scott with gasoline for retail sale to Scott's customers. This relationship continued for almost eight years until November 4, 1993. On that date, Decedent—a gasoline transport driver for Cross—was unloading gasoline into the storage tanks at Scott's when gasoline vapors ignited, setting fire to the transport truck which then exploded, resulting in Decedent's death and causing extensive property damage. Boren thereafter sought and received an award of death benefits against Cross in the Worker's Compensation Court.

Boren then brought the present action in district court against Scott. Scott moved for summary judgment asserting, *inter alia*, that as a joint venturer with Cross, the law considered Scott an employer of Decedent, immune from tort liability under 85 O.S. § 12. Boren responded, asserting, *inter alia*, material facts in controversy regarding the existence of a joint venture, and no immunity under § 12. The trial court granted summary judgment to Scott, finding Scott and Cross had entered into a "joint partnership agreement" as to render Scott immune from tort liability under the exclusive remedy provision of the Worker's Compensation Act. Boren appeals, and the matter stands submitted for accelerated appellate review on

the trial court record under Rule 1.203, Rules of Appellate Procedure in Civil Cases, 12 O.S.Supp.1993, Ch. 15, App. 2.

■ The two issues dispositive of this appeal, then, are whether a joint venture existed between Scott and Cross and, if so, whether such venture entitled Scott to claim immunity from suit. In that regard, an agreement or business relationship constitutes a joint venture if: (1) the parties possess a joint interest in the property utilized in the venture; (2) the parties agree, either by express or implied agreement, to share in the profits and losses of the venture; and (3) the action or conduct of the parties evidences cooperation in the performance of the venture. *See, Martin v. Chapel, Wilkinson, Riggs and Abney,* 637 P.2d 81, 85 (Okla. 1981). The creation of a joint venture need not be formal, nor must such a relationship be in writing or definite with respect to all details. *Hancock v. Stradley,* 482 P.2d 580, 583 (Okla.1971).

■ Joint interest in property has been defined as meaning "only that the parties be engaged in an enterprise in which they have a community of interest and a common purpose in its performance." *Crest Const. Co. v. Insurance Co. of North America,* 417 F.Supp. 564, 569 (W.D.Okla.1976) (applying Oklahoma law). An agreement to share profit and losses is present when the parties share profits and are "in a position to sustain an actual loss by the failure of the enterprise." 417 F.Supp. at 570. The final element requires only that the parties cooperate and perform as agreed. *Martin,* 637 P.2d at 85.

■ In the present case, the record reflects the parties entered into an agreement pursuant to which Cross would supply, install and maintain two gasoline storage tanks and supply two gasoline pumps. Scott agreed to install the pumps and the line from the pumps to the tanks. Thereafter, Cross bought gasoline wholesale, transported the gasoline to Scott's, and unloaded it into the tanks whenever Cross determined more gasoline was needed. Scott then marketed the gasoline on a retail basis. Cross kept a

running total of his average cost for the gasoline, added taxes and freight, and invoiced Scott accordingly. Scott kept a running total of his average price of the retail product and paid Cross one-half of the difference between the cost to Cross and the amount realized through retail sale. This relationship lasted approximately eight years until Decedent's accident.

■ Where one party moves for summary judgment and sets forth evidence which shows no controversy as to material facts, the burden of proof shifts to the opposing party to present evidence which would justify trial on the issue. *Stephens v. Yamaha Motor Co., Ltd., Japan,* 627 P.2d 439 (Okla. 1981); *American Nat'l. Bank & Trust Co. of Shawnee v. Clarke & Van Wagner,* 692 P.2d 61 (Okla.App.1984). Under the specific facts and circumstances of the present case, we find Boren failed to present sufficient evidence to justify trial on the issue of the existence of a joint venture. That is, Boren failed to adduce evidence that Scott and Cross did not possess a joint interest in the property by engaging in an enterprise in which the parties had a community of interest and a common purpose in its performance; that the parties did not agree to split profits and losses; and/or that the parties failed to cooperate in the performance of the venture. Accordingly, we cannot say the trial court erred in this regard.

■ As to Scott's claim that he is immune from suit in the district court, the exclusive remedy provision of 85 O.S. § 12 provides that jurisdiction to determine liability of an employer to an injured employee is vested in the Workers Compensation Court. Stated otherwise, an injured employee is prohibited from proceeding in tort against his employer in district court. *Harter Concrete Products, Inc. v. Harris,* 592 P.2d 526 (Okla. 1979). Oklahoma has consistently held, as have numerous other jurisdictions, that each member of a joint venture is an employer of an injured employee and, accordingly, may be held jointly and severally liable to the employee for workers compensation regardless of which venturer physically employs and/or insures the worker, notwithstanding the employee or his representative is award-ed compensation benefits against only one member of the joint venture. *See, e.g., Acme Construction Co. v. Carr,* 513 P.2d 113 (Okla. 1973); *Mendonca Dairy v. Mauldin,* 420 P.2d 552 (Okla.1966); *W.B. Johnston Grain Co. v. Self,* 344 P.2d 653 (Okla.1959). This is consistent with the objectives of the Workers Compensation Act to assure injured employees of timely medical care and other benefits, and to protect employers against multiple and/or exorbitant claims.

■ In the present case, because Scott is a joint venturer with Cross, Scott is deemed an employer of Decedent and, as such, stands potentially liable when an employee is injured in a work-related accident. Accordingly, Scott is also an employer for purposes of 85 O.S. § 12, the exclusive remedy provision. Therefore, Scott is immune from suit in district court for the same work-related accident for which Appellant has already received workers compensation benefits. We therefore hold the trial court did not err in granting summary judgment in favor of Scott.

The order of the trial court granting summary judgment to Scott is therefore AFFIRMED.

BUETTNER, J., concurs.

HANSEN, P.J., dissents with separate opinion.

HANSEN, Presiding Judge, dissenting.

I dissent. The majority is clearly correct in holding if the parties were indeed joint venturers, Scott is immune from suit in district court pursuant to § 12 of the Workers' Compensation Act. However, I am not convinced the trial court was correct in finding, *as a matter of law,* that Scott and Cross were joint venturers who agreed to share losses as well as profits. Where facts are in dispute, existence of a joint venture presents a question for determination by the trier of fact. *Sigma Resources Corporation v. Norse Exploration, Inc.,* 852 P.2d 764 (Okla.App. 1992). Questions of fact should not be tried on motions for summary judgment. *Stuckey*

*v. Young Exploration Company,* 586 P.2d 726 (Okla.1978). Once a question of fact has been demonstrated, it is clear summary judgment is not appropriate. *Weeks v. Wedgewood Village, Inc.,* 554 P.2d 780 (Okla.1976). I would reverse and remand for trial on the factual issue of the existence of a joint venture between the parties.