2000 OK CIV APP 31

**Leann ROGERS, Petitioner,**

v.

**MID–AMERICA DOOR, FIRE & CASUALTY INS. OF CONNECTICUT and the Workers' Compensation Court, Respondents.**

**No. 93391.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Nov. 8, 1999.

Certiorari Denied Jan. 25, 2000.

filed its judgment.

Fred L. Boettcher, Walt Brune, Ponca City, Oklahoma, For Petitioner.

David J.L. Frette, Tulsa, Oklahoma, For Respondents.

*OPINION*

GARRETT, J:

¶1 Petitioner, LeAnn Rogers (Claimant), filed a Form 3 in the Workers' Compensation Court, alleging she sustained an accidental injury arising out of and in the course of her employment with Respondent, Mid–America Door (Employer). She alleged she injured her back, right arm and right leg on or about July 25, 1997, while lifting a garage door section. On April 23, 1998, the trial court's order was filed, in which the trial court found Claimant sustained an accidental personal injury to her back which arose out of and in the course of her employment. The court awarded Claimant temporarily total disability (TTD), found she was in need of further medical treatment, care and attention, and ordered Employer to furnish Claimant with "reasonable and necessary medical treatment by Dr. Pendleton including surgery, if necessary."

¶2 A Form 19 Request for Payment of Medical or Rehabilitation Services, was filed on behalf of the medical provider, St. Joseph Regional Medical Center, in the amount of $1117.10, the cost of an MRI. Employer responded on a Form 10, explaining, "Will pay for 2nd MRI but not 1st one as it had to be retaken due to error."

¶3 On July 6, 1999, the trial court entered its Order Denying Payment of Medical Benefits. In the order, the court recited that a Form 19 was filed requesting payment of medical expenses incurred by Claimant as a result of the July 25, 1997 injury. The court found:

[T]hat the MRI testing was reasonable and necessary. However, because of the poor quality of the test, it was repeated at St. Mary's in Enid before surgery.

That the court finds that even though the test was reasonable and necessary and that provider's charges were reasonable, it would not be proper to make respondent pay for the same service twice. Provider's claim for payment is therefore denied.

¶4 In this review proceeding, we are asked to determine whether the trial court erred by refusing to order Employer to pay the requested medical expenses. For reversal, Claimant contends:

Under the Oklahoma Workers' Compensation Act, the only relevant issues to a Form 19 proceeding are whether the medical treatment is reasonable and necessary; if it is deemed reasonable and necessary, the insurance provider must pay the medical expenses incurred as a result of Claimant's injury.

¶5 The Workers' Compensation Act provides for payment of claimants' medical expenses at 85 O.S. Supp.1998 § 14(E):

E. 1. Whoever renders medical, surgical, or other attendance or treatment, nurse and hospital service, medicine,

crutches and apparatus, or emergency treatment, may submit such charges and duration of treatment to the Administrator of the Court for review in accordance with the rules of the Administrator.

2. Such charges and duration of treatment shall be limited to the usual, customary and reasonable charges and duration of treatment as prescribed and limited by a schedule of fees and treatment for all medical providers to be adopted, after notice and public hearing, by the Administrator. Said fee and treatment schedule shall be based on the usual, customary and reasonable medical charges of health care providers in the same trade area for comparable treatment of a person with similar injuries and the duration of treatment prevailing in this state for persons with similar injuries....

See also Workers' Compensation Rule 24.[1]

¶ 6 Claimant's position is that payment for medical expenses and treatment is required if the medical treatment was reasonable and necessary. She contends that in this case, the trial court found that it was reasonable and necessary, but denied the claim because of the quality of the test results. She claims the court's denial of the expenses was, therefore, not authorized by statute. She also contends that allowing such a defense is against public policy in favor of returning injured workers back to work, and would result in a flood of litigation.

¶ 7 Employer responds that St. Joseph's did not deny the substandard quality of the MRI and that the trial court saw the inequity of St. Joseph's request for payment. Employer disagrees that a flood of litigation would result if Employer is not ordered to pay in this case. Rather, Employer contends the court's order requires medical care providers to provide a minimum standard of care and quality, or face the prospect they will not be paid for their services. Employer argues that ordering it to pay for a substandard MRI would be against public policy.

▪▪▪ ¶ 8 Neither party has provided us with case authority on the particular issue at hand.[2] In construing § 14(E)(2), we must ascertain the legislative intent from the entire act in light of the general purpose.[3] Section 14(E)(2) provides that the charges "shall be limited" to those that are customary and

---

1. Rule 24. Disputes Regarding Payment for Medical Services

A. General. Disputes regarding payment for medical services rendered as provided in the Workers' Compensation Act may be addressed using procedures available at the Workers' Compensation Court. Those procedures are the Form 18 and Form 19 proceedings. The Form 18 proceeding is an administrative review of disputed medical charges. The Form 19 proceeding may involve judicial resolution of disputed medical charges.

. . .

E. Form 19 Proceedings:

1. A medical provider may institute proceedings to recover charges rendered for health care services, medicines or supplies which have been provided to a claimant, by the filing of a Form 19, Part 1. Request for Payment of Charges or Medical or Rehabilitative Services if the provider has not received payment within sixty (60) days from the date the charges were submitted to the uninsured or own risk employer or insurance carrier. A Form 19 may also be filed if the uninsured or own risk employer or insurance carrier has refused liability for the payment of the charges on the following grounds:
a. Length of treatment;
b. Necessity of treatment;
c. Unauthorized physician under 85 O.S., Section 14(G);

d. Denial of compensability of the claimant's accidental injury or occupational disease; or
e. Any other objection requiring a judicial determination for resolution.

2. A medical provider may request a trial for a determination of the issues raised on the Form 19 by filing a Form 9. The medical provider shall mail a copy of the Form 9, together with a copy of the Form 19 and itemized bill(s), to the uninsured or own risk employer or insurance carrier in the case. The uninsured or own risk employer or insurance carrier shall file a Form 10M no later than thirty (30) days after the Form 9 is filed.

2. Employer's citation of *Alflen v. Special Indemnity Fund*, 1996 OK CIV APP 11, 918 P.2d 407, is not on point. The public policy issues therein were not dispositive of the case.

3. *TRW/Reda Pump v. Brewington*, 1992 OK 31, 829 P.2d 15, 20. See also *Public Service Co. of Okla. v. Corporation Comm'n*, 1992 OK 153, 842 P.2d 750, 752. Objectives of the Workers' Compensation Act include assuring injured employees of timely medical care and other benefits, and protecting employers against multiple and/or exorbitant claims. *Boren v. Scott*, 1996 OK CIV APP 115, 928 P.2d 327.

*reasonable* as prescribed by the fee schedule. It is undisputed that the MRI in question was of poor quality and had to be repeated. Requiring an employer to pay twice for the same service may be unreasonable. In fact, requiring an employer to pay for an MRI, that is sub-standard and unusable by the physician, may well be unreasonable. This is a fact issue. Employer's claim that the MRI was of such poor quality that it was not usable by the doctor, and was required to be repeated, is the equivalent of not providing the service at all, and constitutes a valid defense to a Form 19 request for payment.

¶9 Findings of fact made by the trial court are binding and conclusive in review proceedings before this Court, unless they lack support in competent evidence. *Parks v. Norman Municipal Hospital*, 1984 OK 53, 684 P.2d 548. The trial court's order was supported by competent evidence.

¶10 ORDER SUSTAINED.

¶11 BUETTNER, P.J., concurs.

JOPLIN, J., dissents.